UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME ADAM HAMILTON,

    Petitioner,

v.                                                        CASE NO. 2:17-CV-13693
                                                      HONORABLE PAUL D. BORMAN

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Federal detainee Jerome Adam Hamilton ("Petitioner"), currently confined at the Sanilac County Jail in Sandusky, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the trial court's jurisdiction and the validity of certain statutory provisions in his ongoing federal criminal proceedings before another judge in this district.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see*

*also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein,
the Court concludes that the petition must be dismissed.

## II. Facts and Procedural History

On May 1, 2017, pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to RICO conspiracy, 18 U.S.C. § 1962(d), and using a firearm during and in relation to a crime of violence causing death, 18 U.S.C. §924(j), and he is currently scheduled to be sentenced on December 13, 2017. *See* Dkt., *United States of America v. D-1 Jerome Hamilton*, No. 2:16-CR-20062 (E.D. Mich.) (Hood, C.J.).

In that criminal case, Petitioner has filed a motion to dismiss for lack of jurisdiction, which is currently pending. *Id*.

Petitioner dated the instant habeas petition on November 7, 2017. He asserts that the district court and the government lack jurisdiction over the place(s) where the alleged crimes occurred, that Title 18 is unconstitutional for several reasons, and that Public Law 80-772 is unconstitutional due to faulty enactment.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claims concern the validity of his federal RICO conspiracy and firearm convictions for which he has yet to be sentenced. A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981)). Courts should abstain from exercising jurisdiction, however, where the issues raised in the federal habeas petition may be resolved at trial or by other available procedures. *See Fay v. Noia*, 372 U.S. 391, 417-20 (1963); *Horning v. Seifart*, 107 F.3d 11, 1997 WL 58620, *1 (6th Cir. Feb. 11, 1997) (citing *Jones v. Perkins*, 245 U.S. 390, 391 (1918), and *Riggins v. United States*, 199 U.S. 547 (1905), and ruling that § 2241 petition was properly dismissed because it was an improper means to raise defenses to a pending criminal prosecution); *see also Pendleton v. United States*,

No. 2:08-CV-01200; 2:07-CR-00181, 2009 WL 839498, *1 (S.D. Ohio March 25, 2009) (§ 2241 is not available where issues have not yet been presented to the criminal trial court); *Abernathy v. United States Marshal Svs.*, No. 2:08-CV-4663, 2008 WL 4858442, *1 (E.D. Mich. Nov. 10, 2008) (citing cases); *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) ("[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court.") (alteration in original) (quotation marks omitted).

When a federal detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas relief is available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)); *Abernathy*, 2008 WL 4858442 at *1 (citing cases). In this case, Petitioner's § 2241 habeas petition is subject to dismissal as premature because he has yet to be sentenced. *See Briggs v. Levi*, 275 F. App'x 111, 112 (3d Cir. 2008); *White v. Terris*, No. 2:15-CV-12349, 2015 WL 4617912, *2 (E.D. Mich. July 31, 2015) (summarily dismissing § 2241 petition where petitioner had yet to be sentenced and had filed a notice of appeal).

Moreover, a motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his convictions and/or sentences were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his convictions or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or

otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. The possibility that a petitioner may not be able to satisfy the procedural requirements of § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Petitioner neither alleges nor establishes that his remedy under § 2255 is inadequate or ineffective. He is currently awaiting sentencing and he has a motion to dismiss for lack of jurisdiction pending before the trial court. Petitioner thus has an opportunity to present his claims to the trial court before sentencing and will then have an opportunity to seek an appeal with the Sixth Circuit and/or file a motion to vacate under § 2255 with the trial court. He must pursue such remedies before attempting to proceed on habeas review under § 2241. *See Capaldi*, 135 F.3d at 1124; *see also Copeland v. Hemingway*, 36 F. App'x 793, 794-95 (6th Cir.

2002). Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241 and his petition must be dismissed.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal RICO conspiracy and firearm convictions, that his petition is premature as he has yet to be sentenced, and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claims are improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: November 30, 2017

# CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2017.

                                          <u>s/D. Tofil</u>
                                          Deborah Tofil, Case Manager